UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

NANCY LUCIA CANNING and
JOSHUA G.W. CANNING,

Plaintiffs,

v.

GRANNIS AND HAGUE, MICHAEL MAYER, ESQ., ZBIGNIEW WIECKOWSKI, LINDEN CENTER/LIFESPAN BEHAVIOR HEALTH SERVICES, BETH HARRINGTON, BETH NELSON, GREG HANSON, STEVE AULFMUTH, and STATE OF MINNESOTA,

Defendants.

Civil No. 01-424 (RHK/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).[1] The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied at this time, that her submissions to date be stricken, and that she be granted leave to file an Amended Complaint.

[1] Although the caption on the submissions of record indicates there are two Plaintiffs in this case, it is readily apparent that Nancy Canning is the only active Plaintiff, and that she is actually attempting to bring claims on behalf of herself and her minor son, Joshua. Therefore, at least for present purposes, the Court considers Nancy Canning to be the sole Plaintiff in this action.

FILED APR 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[2]

In this case, Plaintiff has not filed a document that is clearly identifiable as a complaint. Instead, she has submitted only a "Notice of Motion and Motion [etc.]," (Docket No. 1), and an "Affidavit In Support Of Motion [etc.]," (Docket No. 3). The Clerk undoubtedly felt compelled to accept Plaintiff's motion and file it, because he is required to file all submissions tendered to him, without making judgments about their propriety. See Fed. R. Civ. P. 5(e). The Clerk also must have felt compelled to treat Plaintiff's "motion" as a complaint, because a civil action cannot be commenced without a complaint. Fed. R. Civ. P. 2.

While the Clerk cannot be faulted for accepting Plaintiff's motion and construing it as a complaint, the Court is not bound by that construction. It is clear that, in fact, Plaintiff's motion should not be treated as a complaint, because it does not comply with the pleading requirements prescribed by federal law. In particular, Plaintiff's motion does not –

---

[2] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

(i) "contain a short and plain statement of the grounds upon which the court's jurisdiction depends," (see Fed. R. Civ. P. 8(a));

(ii) allege historical facts, which if proven true, would establish that Plaintiff is entitled to judgment against the Defendants, (see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); and

(iii) clearly describe the relief that Plaintiff is seeking, (see Fed. R. Civ. P. 8(a)).

Furthermore, based on a preliminary review of Plaintiff's submissions, the Court has grave doubts about whether she has any viable claim against any of the named Defendants that can be entertained in federal court. It appears that Plaintiff's primary objective in this action is to overturn the result of a state court child custody dispute. However, the Rooker-Feldman doctrine precludes her from seeking any relief in a federal district court that would upset or undermine the validity of a state court judgment. See Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997) (the Rooker-Feldman doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling"). If Plaintiff is dissatisfied with the result of a state court action, she must seek relief in the state courts (or the U.S. Supreme Court), not a federal district court.

In addition, to the extent Plaintiff is attempting to sue any health care providers in this action, she must satisfy the pleading requirements set forth in Minn.Stat. § 145.682. That statute requires, inter alia, that a plaintiff who sues a health care provider must serve an affidavit with his or her complaint, which affirms that the case has been

reviewed by a medical expert who is willing to testify that the named defendants "deviated from the applicable standard of care and by that action caused injury to the plaintiff." Minn.Stat. § 145.682 Subd. 3. A complaint that fails to include such an affidavit is subject to "mandatory dismissal with prejudice." Minn.Stat. § 145.682 Subd. 6.

Finally, Plaintiff's claims against the State of Minnesota will undoubtedly be barred by the Eleventh Amendment. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

Because of the numerous serious defects found in Plaintiff's current submissions, the Court will recommend that they be stricken from the record. It will also be recommended that Plaintiff should not be granted IFP status at this time, because she has not filed a viable complaint. It will be further recommended, however, that Plaintiff be given an opportunity to file an Amended Complaint, so she will still be able to pursue this matter, if she still believes she can plead a claim that can be entertained in federal court.

If Plaintiff elects to file an Amended Complaint, she will have to submit an entirely new pleading identified as "Amended Complaint." Any such Amended Complaint must be a complete and adequate pleading by itself; it must not refer to the motion or affidavit filed previously.[3] While she need not – indeed should not – attempt to plead all the evidence and legal arguments on which her claims are based, she must plead the

---

[3] Plaintiff cannot use her rambling and confusing "affidavit," (Docket No. 3), as a complaint, because it is interwoven with unnecessary and inappropriate evidentiary assertions, and legal arguments (which do not belong in a pleading). The affidavit does not provide a simple, comprehensible explanation of the basic facts on which Plaintiff's claims are based.

essential historical facts giving rise to her claims. In addition, she must describe the facts underlying her claim(s) against each individual defendant. In other words, she must describe what each individual defendant allegedly did (or failed to do) that allegedly causes that defendant to be liable to her. Plaintiff must explain the underlying facts of her case in clear and concise, separately-numbered, paragraphs, as prescribed by the Federal Rules of Civil Procedure; she must include a statement showing why the federal court has subject matter jurisdiction; and she also must include a clear explanation of the relief she is seeking.

Plaintiff must also be mindful of the Rooker-Feldman doctrine (which bars actions that would invalidate state court judgments), the requirements of Minn.Stat. § 145.682, and the Eleventh Amendment. If she cannot plead a cause of action that is properly entertainable in federal court, she should not attempt to amend, but should simply allow this action to be dismissed.

It will be recommended that (a) Plaintiff should be required to file her Amended Complaint, (if she chooses to amend), within twenty (20) days after the District Court Judge rules on this Report and Recommendation; (b) if Plaintiff files an Amended Complaint within the time allowed, her new pleading should be promptly reviewed to determine whether she should be granted leave to proceed IFP on the basis of such new pleading; and (c) if Plaintiff does not file an Amended Complaint within the time allowed, this action should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Notice of Motion and Motion [etc.]," (Docket No. 1), and "Affidavit In Support Of Motion [etc.]," (Docket No. 3), should be stricken;

2. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), should be denied at this time; and

3. Plaintiff should be permitted to file an Amended Complaint within twenty (20) days after the date of the District Court Judge's ruling on this Report and Recommendation, failing which the action should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: April 16, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before May 1, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.